**ORAL ARGUMENT SCHEDULED FOR APRIL 19, 2017**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| Murray Energy Corporation,<br><br>Petitioner,<br><br>v.<br><br>United States Environmental Protection Agency,<br><br>Respondent. | No. 15-1385<br>(Consolidated with Nos. 15-1392, 15-1490, 15-1491, 15-1494) |

**RESPONDENT EPA'S MOTION TO CONTINUE ORAL ARGUMENT**

Respondent United States Environmental Protection Agency (EPA) respectfully requests the Court continue the oral argument currently scheduled for April 19, 2017, on the petitions for review of the revised National Ambient Air Quality Standards (NAAQS) for ozone issued by EPA in 2015 (the 2015 Rule). In light of the recent change in administration, EPA requests continuance of the oral argument to give the appropriate officials adequate time to fully review the 2015 ozone NAAQS. EPA intends to closely review the 2015 Rule, and the prior positions taken by the Agency with respect to the 2015 Rule may not necessarily reflect its ultimate conclusions after that review is complete.

Counsel for EPA contacted coordinating counsel for Petitioners, Petitioner-Intervenors, and Respondent-Intervenors regarding their positions on this motion.

Industry Petitioners and Industry Respondent-Intervenors do not oppose the motion.[1] State Petitioners and State Intervenors do not oppose continuing oral argument, but reserve the right to file a response regarding how much of a postponement is appropriate.[2] Environmental Petitioners oppose the motion and intend to file a response.[3] Health and Environmental Respondent-Intervenors also oppose the motion and intend to file a response.[4]

---

[1] Industry Petitioners are Murray Energy Corporation (No. 15-1385); Chamber of Commerce of the United States of America, National Association of Manufacturers, American Petroleum Institute, Utility Air Regulatory Group, Portland Cement Association, American Coke and Coal Chemicals Institute, Independent Petroleum Association of America, National Oilseed Processors Association, American Fuel and Petrochemical Manufacturers (No. 15-1491). These Petitioners, along with other industry trade associations, intervened in support of Respondents in No. 15-1490.

[2] State Petitioners are State of Arizona, State of Arkansas, New Mexico Environment Department, State of North Dakota, and State of Oklahoma (No. 15-1392); and State of Texas and Texas Commission on Environmental Quality (No. 15-1494). State Intervenors are the States of Wisconsin, Utah and Kentucky and the State of Louisiana, which moved to intervene in support of State Petitioners filed by State of Arizona, *et al.* (No. 15-1392).

[3] Environmental Petitioners are Sierra Club, Physicians for Social Responsibility, National Parks Conservation Association, Appalachian Mountain Club, West Harlem Environmental Action, Inc. (No. 15-1490).

[4] Health and Environmental Respondent-Intervenors are American Lung Association, Sierra Club, Natural Resources Defense Council and Physicians for Social Responsibility moved to intervene in support of Respondents in all petitions except for the one filed by Sierra Club, *et al.* (No. 15-1490).

## BACKGROUND

The Clean Air Act requires EPA to issue NAAQS for certain air pollutants, and every five years, to review, and, if appropriate, revise the NAAQS. 42 U.S.C. § 7409(d)(1). EPA last revised the ozone NAAQS in 2008 (the 2008 Rule), and began its most recent periodic review shortly thereafter. Numerous parties challenged the 2008 Rule in this Court. After the change in presidential Administrations in 2009, EPA filed an unopposed motion asking the Court to grant an abeyance period during which the new Administration could review the 2008 Rule and decide whether the revised NAAQS should be maintained, modified or otherwise reconsidered. The Court granted that motion and held the consolidated cases in abeyance. *See* Order, *Mississippi v. EPA*, No. 08-1200 (D.C. Cir. Mar. 19, 2009). In September 2011, EPA decided to withdraw its reconsideration proceedings and incorporate reconsideration into the ongoing periodic review.[5] Then the Court proceeded with challenges to the 2008 Rule, which eventually led to this Court's decision in *Mississippi v. EPA*, 744 F.3d 1334 (D.C. Cir. 2013).

In 2015, EPA completed its periodic review, combined with reconsideration of the 2008 Rule, and issued the revised ozone NAAQS, lowering the level of the primary standard and the secondary standard from 75 to 70 parts per billion (ppb), while retaining the other elements of the standards. 80 Fed. Reg. 65,292 (Oct. 26,

---

[5] This Court held it lacked jurisdiction over petitions for review that challenged EPA's withdrawal of the reconsideration rulemaking. *See Mississippi*, 744 F.3d at 1341–42.

2015). This rulemaking was almost entirely conducted during the prior Administration, and the 2015 Rule was finalized and promulgated by the prior Administration.

The 2015 Rule involves a large and complex body of scientific, medical, and technical evidence, as well as legal positions concerning the proper interpretation and application of the relevant Clean Air Act provisions and regulations. As EPA's merits brief explains, the Agency prepared three types of assessment documents as part of its consideration of whether and how to revise the ozone NAAQS—an Integrated Science Assessment that is over 1,000 pages long, two Risk and Exposure Assessments (one for health and one for welfare), and a Policy Assessment. EPA Br. at 12–13. During the rulemaking, EPA also received 430,000 public comments, held three hearings, and received input from the Clean Air Scientific Advisory Committee. *Id.* at 13.

Numerous parties have challenged the 2015 Rule in these consolidated cases. On September 26, 2016, the parties completed merits briefing. Initially, the Court scheduled oral argument for February 16, 2017. Then in a December 19, 2016 Order, the Court *sua sponte* rescheduled the oral argument for April 19, 2017.

At this time, EPA officials appointed by the new Administration are closely reviewing the 2015 Rule to determine whether the Agency should reconsider the rule or some part of it.

## ARGUMENT

Agencies have inherent authority to reconsider past decisions and to revise, replace or repeal a decision to the extent permitted by law and supported by a reasoned explanation. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("*State Farm*"). EPA's interpretations of statutes it administers are not "carved in stone" but must be evaluated "on a continuing basis," for example, "in response to . . . a change in administrations." *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005) (internal quotation marks and citations omitted). *See also Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038 & 1043 (D.C. Cir. 2012) (a revised rulemaking based "on a reevaluation of which policy would be better in light of the facts" is "well within an agency's discretion," and "'[a] change in administration brought about by the people casting their votes is a perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations'") (quoting *State Farm*, 463 U.S. at 59 (Rehnquist, J., concurring in part and dissenting in part )). The Clean Air Act complements EPA's inherent authority to reconsider prior rulemakings by providing the Agency with broad authority to prescribe regulations as necessary to carry out the Administrator's authorized functions under the statute. 42 U.S.C. § 7601(a).

EPA requests that the Court continue the oral argument currently scheduled for April 19, 2017 in these consolidated cases to allow the new Administration

adequate time to review the 2015 Rule to determine whether it will be reconsidered. This continuance is appropriate because recently-appointed EPA officials in the new Administration will be closely scrutinizing the 2015 Rule to determine whether the standards should be maintained, modified, or otherwise reconsidered. The Agency needs sufficient time to complete this review in an orderly fashion because the 2015 Rule is based on an extensive administrative record encompassing a large body of scientific, medical, and technical evidence. As reflected in the parties' briefs, the 2015 Rule also implicates significant legal and policy issues about a Clean Air Act rule of national importance—issues that new EPA officials will need time to carefully review. Indeed, the prior ozone NAAQS elicited a similar reaction from the prior Administration, which sought abeyance from the Court to review the 2008 Rule after approximately two months in office. *See* Unopposed Motion to Vacate the Briefing Schedule and Hold These Consolidated Cases in Abeyance, *Mississippi v. EPA*, No. 08-1200 (D.C. Cir. Mar. 10, 2009).

Continuance is also warranted to avoid holding oral argument in the midst of the new Administration's review of the 2015 Rule. Were the Court to hold oral argument as scheduled on April 19, 2017, counsel for EPA would likely be unable to represent the current Administration's conclusive position on the 2015 Rule. Nor

would it be proper for counsel for EPA to speculate as to the likely outcome of the current Administration's review.[6]

Finally, to the extent that EPA ultimately elects to reconsider all or part of the 2015 Rule, continuing the oral argument would conserve the resources of the parties and the Court. Accordingly, to permit the Agency's review to proceed in an orderly fashion, EPA requests that the oral argument be continued.

## CONCLUSION

Wherefore, EPA respectfully requests that the Court order the following: (1) that the oral argument currently scheduled for April 19, 2017 is continued; and (2) that EPA is directed to file a status update in these consolidated cases within 90 days of the Court's order granting a continuance and every 90 days thereafter, informing

---

[6] Moreover, on March 28, 2017, the President of the United States signed an Executive Order directing EPA to review for possible reconsideration any rule that could "potentially burden the development or use of domestically produced energy resources, with particular attention to oil, natural gas, coal, and nuclear energy resources." For purposes of this order, the term "burden" means to "unnecessarily obstruct, delay, curtail, or otherwise impose significant costs on the siting, permitting, production, utilization, transmission, or delivery of energy resources." EPA is currently reviewing the Executive Order to determine whether the 2015 Rule is potentially subject to the review process set forth in this Executive Order. Under the Order, EPA must submit a review plan to the White House within 45 days of the Order; within 120 days of the Order, submit a draft plan with "specific recommendations that, to the extent permitted by law, could alleviate or eliminate aspects of agency actions that burden domestic energy production"; and a final report within 180 days. Nonetheless, apart from the Executive Order, EPA has authority to reconsider the 2015 Rule.

the Court of the status of the Agency's review of the 2015 Rule until a final determination is made by the Agency.

In the alternative, EPA would ask the Court to hold the consolidated cases in abeyance until such time as EPA files a notice with the Court indicating either (1) that the Agency has decided to reconsider all or part of the 2015 Rule or (2) that the Agency has decided to maintain the 2015 Rule.

Dated: April 7, 2017

Respectfully submitted,

JEFFREY H. WOOD
*Acting Assistant Attorney General*

Environment and Natural Resources Division

/s/ Justin D. Heminger
JUSTIN D. HEMINGER
SIMI BHAT
*Trial Attorneys*
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7415
Washington, D.C. 20044
(202) 514-2689
justin.heminger@usdoj.gov
simi.bhat@usdoj.gov

*Counsel for Respondent EPA*

**CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 27(D)**

I certify that this filing complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font.

I further certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,743 words, excluding the parts of the motion exempted under Fed. R. App. P. 32(f), according to the count of Microsoft Word.

/s/ *Justin D. Heminger*
JUSTIN D. HEMINGER

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system.

The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Justin D. Heminger*
JUSTIN D. HEMINGER